# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

GINO GRIMALDI,

      Plaintiff,

    v.                            Case No.:  6:25-cv-02475-GAP-LHP

GMC OF CENTRAL FLORIDA,
INC.,

      Defendant,

## ORDER

The Court previously denied without prejudice Plaintiff's motion for Clerk's default against Defendant for failure to establish that service of process was proper. Doc. Nos. 10, 12.  Now before the Court is Plaintiff's renewed motion.  Doc. No. 14. On review, the motion (Doc. No. 14) will again be **DENIED without prejudice**.

In the renewed motion, Plaintiff relies on an amended return of service.  Doc. No. 13.  According to the amended return, Defendant GMC of Central Florida Inc. was to be served c/o Alice F. Mahnke, who according to records from Florida's Department of State, is Defendant's registered agent.[1]  According to those records, the address for Alice F. Mahnke is 915 Densmore Dr., in Winter Park, Florida.  The

---

[1] Records maintained by the Florida Department of State, Division of Corporations, are available at https://search.sunbiz.org/Inquiry/CorporationSearch/ByName. The records for Defendant GMC of Central Florida Inc. are accessible by entering "GMC of Central Florida Inc" into the "Entity Name" field.

amended return states, however, that service was effected at 620 N. Wymore Road, Suite 270, in Maitland, Florida.  Doc. No. 13.  Service was effected on "Kelly Lynn, Employee of Registered Agent."  *Id.*

The only difference between the amended return (Doc. No. 13), and the initial return (Doc. No. 7) is the statement that Kelly Lynn is an employee of the registered agent.  But, as the Court previously pointed out, there are discrepancies regarding the registered agent's address.  And to the extent that the registered agent is a natural person, the return does not state that the registered agent was absent from the registered office sufficient to permit service on an employee of the registered agent.  Doc. No. 13.  *See* Fla. Stat. § 48.091(4)(b).  Nor does the return state that Kelly Lynn was otherwise authorized to accept service.  Fed. R. Civ. P. 4(h)(1)(B).

Although the Court previous pointed out the discrepancy with regard to the registered agent's address, *see* Doc. No. 12, Plaintiff does not address it.  *See* Doc. No. 14.  And, absent citation to legal authority in support, Plaintiff's conclusory statement that service on the employee of a registered agent satisfies the requirements of Federal Rule of Civil Procedure 4(h)(1)(B) and Fla. Stat. § 48.081 is unpersuasive.  *See* Doc. No. 14.

Accordingly, for essentially the same reasons as before, *see* Doc. No. 12, the renewed motion (Doc. No. 14) is **DENIED without prejudice**.  Plaintiff shall file a second renewed motion within **fourteen (14) days** of this Order, which must

include a memorandum of legal authority establishing that service of process on Defendant was proper under applicable law.  To the extent that Plaintiff relies on the same return of service, Plaintiff must address the discrepancies with regard to the registered agent's address, and establish by citation to applicable legal authority that service on the employee of a registered agent was permissible under the circumstances.  Failure to demonstrate proper service in any renewed motion may result in a recommendation that this case be dismissed without prejudice.  *See generally* Fed. R. Civ. P. 4(m).

    **DONE** and **ORDERED** in Orlando, Florida on April 28, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

-3-